OPINION
{¶ 1} Plaintiff-appellant William Springhart appeals from a summary judgment rendered against him on his claim for injuries arising from a slip and fall. He contends that the trial court erred in concluding that an accumulation of water on the floor was not causally related to his injury. We agree. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.
 I {¶ 2} The following evidence in this case is adduced from the deposition of Springhart offered by Darden Restaurant, Inc., in support of its motion for summary judgment. In December, 1995, Springhart went to a Red Lobster restaurant owned by Darden Restaurants to pick up an order of holiday food trays. Springhart had been to this restaurant on other occasions, and was familiar with its layout. The restaurant has two sets of doors. The outer doors open onto a foyer area that leads to an inner set of doors. The inner doors open into the main portion of the restaurant. The outer doors have a metal strip threshold that runs along the floor across the span of the door.
 {¶ 3} A woman, who was less than two feet in front of Springhart, entered the restaurant just before him. Upon entering the outer doors, Springhart tripped over the threshold. As he fell forward into the foyer, he landed on his hand. However, because the floor was covered by approximately two inches of water, Springhart's hand slipped out from under him, causing him to fall to the floor. Immediately thereafter a different woman fell on top of him.
 {¶ 4} After the fall, it was discovered that the threshold was loose, and that one of its screws had "completely come up out of the floor, and the other one was three-fourths of the way out of the floor, and was sticking about one-and-a-half to two inches above the floor."
 {¶ 5} Springhart, who suffered significant injuries from the fall, filed a complaint against Darden in February, 2001. Following discovery, Darden filed a motion for summary judgment. The trial court found that there was no evidence to indicate that Darden had knowledge, actual or constructive, that the metal threshold was defective. The trial court further found that Springhart's deposition testimony indicated that the accumulated water on the foyer floor had no bearing on his fall. Based upon its findings, the trial court rendered summary judgment against Springhart. From this judgment Springhart appeals.
 II {¶ 6} Springhart's sole Assignment of Error provides as follows:
 {¶ 7} "The common pleas court of Montgomery County, Ohio erred to the prejudice of plaintiff-appellant when it found that no genuine issue of material fact existed as to whether as much as two inches of water on the restaurant floor caused or contributed to plaintiff-appellant's fall."
 {¶ 8} Springhart contends that the trial court erred in finding that there was no evidence that the water on the foyer floor contributed to his fall. Therefore, he argues that summary judgment is unwarranted.[1]
 {¶ 9} We review the appropriateness of summary judgment de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588,641 N.E.2d 265, citation omitted. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v.Mentor Soccer Club, Inc. 82 Ohio St.3d 367, 369-70, 1998-Ohio-389. Under Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record demonstrating that no genuine issue of material fact exists on the essential elements of the non-moving party's claims. Dresher v.Burt 75 Ohio St.3d 280, 293, 1996-Ohio-107. Once the moving party meets that burden, the nonmoving party has a reciprocal burden of showing that a genuine issue of material fact exists to prevent summary judgment. Id. at 294. If the non-moving party fails to meet this burden, then summary judgment is appropriate. With this standard in mind, we address Springhart's sole assignment of error.
 {¶ 10} To recover damages for negligence Springhart must establish that: (1) Darden owed him a duty to conform its conduct to a standard of ordinary care; (2) Darden breached that duty; and (3) the breach proximately caused an injury to him. Texler v. D.C. Summers Cleaning Shirt Laundry Co. 81 Ohio St.3d 677, 681, 1998-Ohio-602.
 {¶ 11} There is no dispute that Springhart was a business invitee. "Business invitees are persons who enter the premises of another for a purpose that is beneficial to the owner." Jones v. Sears, RoebuckCo., Inc. (Oct. 19, 1994), Montgomery App. No. 14528. (Citation omitted.) "[S]tore owners owe invitees `a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger.'" Id. (Citation omitted). "Store owners only have a duty to protect an invitee from hazards that are not open and obvious and that the store created or that the store should have been aware of and had time to correct, but neglected to do so." Youngerman v. Meijer, Inc. (Sep. 20, 1996), Montgomery App. 15732. "Where a [premises owner], through its officers or employees, was the creator of the hazardous condition, it is not necessary that the plaintiff produce evidence of notice". Id. "However, when the [premises owner] was not the source of the hazardous condition, the plaintiff must produce evidence that the [owner] had actual or constructive notice of the condition." Id., citation omitted. "Constructive notice can be proven by direct or circumstantial evidence." Id., citation omitted. "Circumstantial evidence is the proof of certain facts and circumstances from which one may infer other facts which, according to common experience, reasonably follow." Id.
 {¶ 12} The trial court's decision with regard to the water is based on its finding that the water did not cause Springhart to fall. This finding is predicated solely upon the following deposition testimony:
 {¶ 13} "Q: Did you fall on the water — strike that. Did the water in the foyer cause you to fall?
 {¶ 14} "A: No, sir."
 {¶ 15} However, upon review of the entire transcript, we note that the testimony continued as follows:
 {¶ 16} "Q: Did the water in the foyer cause, was it a contributing factor to your fall?
 {¶ 17} "A: Most certainly.
 {¶ 18} "Q: How so?
 {¶ 19} "A: Because when I came down, I came down both hands first. This hand, when it hit the floor on impact, it slipped up like this and went out, and I buffered my fall then with my left hand and cracked my left elbow."
 {¶ 20} The trial court found, based upon a limited portion of the testimony, that the water was not causally related to Springhart's injury. We conclude, given our review of the entire deposition, that this finding is erroneous. Therefore, Springhart's sole Assignment of Error is sustained.
 III {¶ 21} Springhart's sole Assignment of Error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.
WOLFF and YOUNG, JJ., concur.
[1] Springhart makes no argument with regard to the restaurant's knowledge of the defect in the metal threshold.